# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRADLEY ALFORD

  Plaintiffs,         CIVIL ACTION FILE NO.

v.

DIVERSIFIED CONSULTANTS, INC.

  Defendant.
_____/

## COMPLAINT

  Plaintiffs, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

  This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiffs' cell phone by Defendant, with an automated dialing system, without express consent. Plaintiffs, individuals, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq. Plaintiffs' reserve the right to amend this complaint to included a claim for violations of 15 U.S.C. 1601, generally, should the facts so warrant.

## II. PARTIES

1. Plaintiff Georges is a natural person residing in Orange County, Florida. Plaintiffs Hunter and Alford are natural persons residing in Pinellas County, Florida. Plaintiff Estrella is a natural person residing in Hillsborough County, Florida

2. Defendant is a foreign for profit corporation, accountable under the TCPA.

3. Defendant was attempting to collect an alleged but unsubstantiated debt against Plaintiffs, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pasco and Pinellas Counties, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-
    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
    (B) to dial such numbers.
    See, 47 U.S.C. 227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,  or

    (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C.  227 (b)(3).

## V. FACTUAL ALLEGATIONS

10.  During the past 48 months prior to the filing of this complaint, Defendant contacted Plaintiffs' cell phone without express permission, with an automated telephone dialing system.

11. Defendant called Plaintiffs' cell phone intentionally and repeatedly, without express permission and with an automated telephone dialing system in total disregard of Plaintiffs' lawful rights under the TCPA.

## VI. TCPA VIOLATIONS

12. Plaintiffs repeat, re-allege, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

13. The actions of the Defendant individually and collectively violated the TCPA.

14. By the Defendant calling the Plaintiffs' cell phone without express consent thereby Defendant violated the TCPA. 27 U.S.C. 227.

15. By the Defendant calling the Plaintiffs' phone without consent, with an automated telephone dialing system Defendant violated the TCPA. 27 U.S.C. 227.

WHEREFORE, Plaintiffs prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2) Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3) Fair and reasonable costs of this action, court costs.

(4) Injunctive relief;

(5) Such other and further relief that the Court deems just and proper

s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
Bank of America Building

2727 Ulmerton Road-Suite 250  
Clearwater, FL 33762  
Tel- (727) 524-6300  
Email- wjg@mazgadd.com